# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NICOLAS FELIX,<br><br>        Plaintiff,<br><br>v.<br><br>JAMES DZURENDA, *et al.,*<br><br>        Defendants. | 3:17-cv-00010-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

This case involves a civil rights action filed by Plaintiff Nicolas Felix ("Felix") against Defendants Michael Adams ("Adams"), Mollet ("Mollet"), and John Does[2] (collectively referred to as "Defendants").[3] Currently pending before the court is Defendants' motion for summary judgment (ECF Nos. 33, 35)[4]. Despite the court *sua sponte* granting Felix an extension of time to file a response (*See* ECF No. 36), Felix failed to file an opposition to the motion. Having thoroughly reviewed the record and papers, the court hereby recommends Defendants' motion for summary judgment (ECF No. 33) be granted.

///

///

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2] Pursuant to the scheduling order, Felix was given until November 8, 2019 to identify the Doe Defendants in this case. (*See* ECF No. 30.) However, Felix failed to identify the Doe Defendants, and therefore, the court recommends the Doe Defendants be dismissed from this action.

[3] Felix also named the State of Nevada, Nevada Department of Corrections, Assistant Warden Harold Byrne, Warden Timothy Filson, and E. K. McDaniel as defendants. (*See* ECF No. 8 at 10.) However, those defendants were dismissed by the court on screening. (ECF No. 10 at 5-6.)

[4] ECF No. 35 is an errata to the motion for summary judgment, which includes various declarations in support of the motion for summary judgment.

## I. BACKGROUND AND PROCEDURAL HISTORY

Felix is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Ely State Prison ("ESP"). (ECF No. 8.) Proceeding *pro se*, Felix filed the instant civil rights action pursuant to 42 U.S.C. § 1983, alleging two claims and seeking injunctive relief and monetary damages. (*Id.*)

Pursuant to 28 U.S.C. §1915(A)(a), the District Court screened Felix's complaint on January 10, 2018. (ECF No. 6). The District Court dismissed the complaint, in its entirety, without prejudice, with leave to amend. (*Id.*) On February 7, 2018, Felix filed his First Amended Complaint ("FAC") (ECF No. 8), which the District Court again screened. (ECF No. 10.) The District Court allowed Felix to proceed on his Count I due process claim against Defendants. (*Id.*) The other claim in the FAC was dismissed. (*Id.*)

### A. Count I – Due Process Claim

The Count I due process claim alleges the following: On September 6, 2016, Felix returned from work to Unit 8 where the Unit was being shaken down by correctional officers. (ECF No. 8 at 4.) Upon entering the Unit, Felix was searched and escorted to his cell. (*Id.*) Upon returning to his cell, Felix noticed all his photos and 12 CDs were missing. (*Id.*) Felix asked Defendants Adams and Mollet why they had taken the property and they told him that Cert Officers John Doe 1 and John Doe 2 had taken the property. (*Id.*) The Doe Officers told Felix that Adams and Mollet had taken the property without giving Felix a form saying Felix was not authorized to have the confiscated property. (*Id.*) Based on the allegations, Felix alleged a colorable Fourteenth Amendment due process claim against Defendants. (ECF No. 10.)

### B. Defendants' Motion for Summary Judgment

On January 8, 2020, Defendants filed the instant motion for summary judgment. (ECF No. 33.) Defendants assert they are entitled to summary judgment because (1) this matter is not actionable under the Due Process Clause, (2) Felix failed to properly exhaust his administrative remedies prior to filing suit, as required by the Prisoner Litigation Reform Act ("PLRA"), and (3) Defendants are entitled to qualified immunity. (*Id.*) Felix did not file

2

an opposition to the motion for summary judgment, despite being granted an extension to do so. (ECF No. 36.) The recommended disposition follows.

## II. LEGAL STANDARD

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. (*Id.*) Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising

therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." (*Id.*) (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence, Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and meritorious summary judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

**III.    DISCUSSION**

    **A.    Civil Rights Claims under 42 U.S.C. § 1983**

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive

4

provisions of the Constitution and federal statutes." *Crumpton v. Almy*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under section 1983 require a plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

### B.     Fourteenth Amendment – Due Process

Felix alleges a Fourteenth Amendment due process claim relating to the confiscation and withholding of his CDs and photos. (*See* ECF No. 8.) Defendants argue that summary judgment is warranted as to Felix's Count I claim because this matter is not actionable under the Due Process Clause. (ECF No. 33 at 4-11.) Defendants assert that (1) Felix has no property interest "at stake" in this matter, and (2) even assuming Felix had a property interest in the items, the action was unauthorized and thus not actionable under the Due Process Clause as Felix had several, meaningful post-deprivation remedies available to him. (*Id.* at 4-6.)

Fourteenth Amendment claims for denial of procedural due process entail two components. First, the court must determine that the plaintiff possessed a constitutionally protected interest, such that due process protections apply. *See Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977). Second, and if so, the court must examine the level of due process demanded under the circumstances. *See id.*; *see also Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). A claim lies only where the plaintiff has a protected interest, and the defendant's procedure was constitutionally inadequate.

### 1. Protected Interest

Because inmates have a constitutionally protected interest in their personal property, the Fourteenth Amendment guarantees due process to the deprivation of inmate property. *Hansen v. May*, 502 F.3d 1083, 1090 (9th Cir. 1974). There is a two-step process which determines if a violation of the Fourteenth Amendment occurs. The first step is to determine whether "a property interest exists entitling the individual to due

5

process. *Knudson v. City of Ellensberg*, 832 F.2d 1142, 1144 (9th Cir. 1987) (citing *Hewitt v. Grabicki*, 794 F.2d 1373, 1380 (9th Cir. 1986)). Felix needs to have a legitimate claim of entitlement to the property. "A mere abstract need or desire for the property is not enough." *Id*. Property interests are created, and their dimensions are defined, by existing rules or understandings that stem from an independent source such as state law. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Nevada recognizes "personal property," which includes "money, goods, [and] chattels." Nev. Rev. Stat. § 10.045. "[T]he Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

A prisoner's property rights are subject to such regulations that the NDOC may adopt. *See* Nev. Rev. Stat. § 209.239. Administrative Regulation ("AR") 711[5] prohibits photographs that display any sexually explicit/graphic activities, AR 711.01(3)(D)(1), and displays of any type of nudity is prohibited. AR 711.01(3)(D)(2). Any photos violating these regulations allows them to be confiscated. AR 711.01(3)(B).

Felix alleges in his amended complaint that the Defendants confiscated his personal property, 200 family photos and 12 CDs, and the property has not been returned (*See* ECF No. 8). As to the photos, Defendants claim the photos contained weapons, sexual penetration, and had no names or identifying information written on the back of them. (ECF No. 33 at 2). However, it is unclear from the record whether all the photos allegedly confiscated contained explicit images or other images impermissible in the prison setting. Moreover, although the AR allows for regulation of such "sexually explicit" property, the AR does not indicate that these items lose their status as personal property when confiscated by the NDOC. Therefore, for these reasons, the court cannot agree with Defendants that Felix has no property interest in any of the photos.

As to the CDs, Nevada law provides to citizens, including inmates, a property

---

[5] Defendants submitted in support of their motion an authenticated copy of AR 711 (*See* ECF No. 33-5).

interest in chattel. *See* Nev. Rev. Stat. § 10.045. CDs, much like the photographs, do not lose their status as "personal property" when confiscated and therefore Felix also has a property interest in the CDs. Thus, the court finds that Defendants have failed to establish that Felix did not have a property interest in the photos or CDs.

### 2. Procedural Process

Therefore, the court must now examine the level of due process demanded under the circumstances. While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Quick v. Jones*, F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982); *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson*, 832 F.2d at 1149.

Nevada law provides an administrative remedy for inmates to recover compensation for the loss of personal property. Nev. Rev. Stat. § 209.243. Nevada law also directs NDOC to promulgate necessary regulations to carry out the administrative remedy. Nev. Rev. Stat. § 209.243(3). Further, AR 711 provides a process by which inmates may contest property-related issues. Specifically, AR 711.02(5) lays out the process of an inmate claiming the State is responsible for the loss of or damage of their personal property.

Even if the court assumes the taking of the photos and CDs was unauthorized, Felix cannot claim there was a constitutional violation of the Due Process Clause unless he establishes there were no meaningful post-deprivation remedies available to him. Here, there were meaningful post-deprivation remedies available for Felix. First, there were post-deprivation remedies provided in AR 711.02. The process provided in AR 711.02 was partially completed by Felix when he filed an informal grievance with the NDOC, but that was rejected because of the lack of proof for the items confiscated. (*See* ECF No. 33-4).

7

Felix never filed an amended informal grievance providing the necessary proof. In addition, the State of Nevada provides Felix with a meaningful post-deprivation remedy for this type of loss. *See* Nev. Rev. Stat. § 41.0322 (setting forth guidelines for actions by persons in custody of the NDOC to recover compensation for loss or injury). Therefore, Felix cannot claim a violation of the Due Process Clause because there were several meaningful post-deprivation remedies available to him which the undisputed evidence establishes he failed to follow.

Therefore, the court finds Defendants are entitled to summary judgment because adequate procedural protections were in place that Felix could have used to contest the alleged deprivation of property. Felix's contention that he was denied due process fails and his recourse lies in state court. Thus, court recommends summary judgment be granted in favor of Defendants.[6]

### IV.   CONCLUSION

For good cause appearing and for the reasons stated above, the court recommends Defendants' motion for summary judgment (ECF No. 33) be granted.

The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

---

[6] Because the court finds that no due process violation occurred, it need not address Defendants' arguments related to exhausting administrative remedies or qualified immunity.

8

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary judgment (ECF No. 33) be **GRANTED**; and

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** accordingly.

**DATED**: June 4, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**